IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RUSSELL WAYNE BULLOCK,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GALLATIN COUNTY; GALLATIN COUNTY DETENTION CENTER; GALLATIN COUNTY DETENTION CENTER CORRECTIONAL OFFICERS, SGT., and ADMINISTRATORS; GALLATIN COUNTY SHERIFF; MAYOR; CITY COUNCIL; BOZEMAN CITY FIRE DEPARTMENT; BENEFIS SPECTRUM MEDICAL; and AMERICAN AMBULANCE CO.;<br><br>　　　　　Defendants. | CV 16-45-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff Russell Bullock, appearing pro se, is proceeding in forma pauperis under 28 U.S.C. § 1915(a)(1). Therefore, the Court must conduct a preliminary screening of the allegations set forth in his pleading as required under section 1915(e)(2) which requires a dismissal of the action if, inter alia, the allegations fail to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

By Order entered May 8, 2017, the Court reviewed Bullock's allegations in his initial pleading to determine whether they are subject to dismissal under section 1915(e)(2). The Court construed his allegations as purporting to state

1

claims for relief under 42 U.S.C. § 1983. But ultimately, the Court concluded that Bullock's allegations, as pled, were insufficient to state a claim upon which relief could be granted. Bullock was afforded an opportunity to file an amended pleading to cure the deficiencies.

In its review of Bullock's allegations the Court provided him with extensive and detailed guidance as to the necessary elements of all of his legal claims. The guidance included instructions as to what factual allegations would be necessary to plead the elements of a section 1983 claim, a denial of medical care claim under the Fourteenth Amendment, an individual's personal liability, a supervisory officer's liability, Gallatin County's liability, and a private actor's liability under section 1983.

Bullock filed his amended pleading in response to the Court's order. Based on his initial pleading, the Court understands his allegations to arise from events which occurred while he was previously incarcerated at the Gallatin County Detention Center in Bozeman, Montana. He complained of multiple head injuries he purportedly sustained and, generally, Defendants' alleged failure to provide him with proper medical attention for his injuries.

The substance of Bullock's amended pleading, however, continues with only general allegations. His pleading does not provide any necessary details as is

required to state a claim for relief and to impose liability on any Defendant. Instead, although Bullock's allegations allude to extreme pain from his conditions, his limited allegations assert only that all Defendants have been trained "how to play the game," and they have "denied [him] medical." He contends Defendants engaged in a "round and round game" with respect to his medical conditions. (Doc. 14 at 6 of 9.)

Bullock's amended pleading provides absolutely no further substantive factual allegations as to any Defendant's specific conduct. Despite the guidance provided in the Court's May 8, 2017 Order, Bullock's allegations do not describe what each Defendant did, or failed to do with respect to obtaining or providing medical treatment for Bullock as is necessary to state a Fourteenth Amendment claim. (*See* doc. 9 at 6.) Like his original pleading, his amended pleading contains only bare, non-descriptive general statements. He does not set forth factual allegations describing what each individual Defendant did or did not do with respect to his medical care. (Doc. 9 at 6-7.)

The Court's May 8, 2017 Order also provided details with respect to the factual allegations that would be necessary to successfully state a claim for relief against any individual Defendant who may have played a role as a supervisor. (Doc. 9 at 7-8.) But Bullock's amended pleading does not expressly identify any

supervisor and does not describe specific facts about what any particular supervisor did or did not do that would subject the supervisor to direct liability under 42 U.S.C. § 1983.

Finally, Bullock's amended pleading does not include any facts demonstrating that Gallatin County or any "private actor" is liable under section 1983. Bullock does not allege that Gallatin County followed a custom, policy, or practice of unconstitutionally denying medical treatment to pretrial detainees, or that Gallatin County demonstrated deliberate indifference to an obvious need to provide better training to its jail staff. (Doc. 9 at 9-11.) And with respect to any private individuals, Bullock has not pled facts which suggest any private person's conduct was "fairly attributable to the state" as is necessary for a section 1983 claim against a private person. (Doc. 9 at 12.)

For the reasons stated, and based upon all of the legal standards the Court discussed in its May 8, 2017 Order (which are incorporated herein by this reference), the Court concludes Bullock's amended pleading fails to state any claim upon which relief could be granted.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.

2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). But, where a court previously notified a litigant of deficiencies in his allegations, and afforded the litigant an opportunity to amend the claims, if the litigant files an amended pleading which fails to cure the defects identified by the court, then the court may conclude that the deficiencies cannot be cured by further amendment and the court need not afford the litigant an additional opportunity to amend. *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). A "repeated failure to cure deficiencies by amendments" is sufficient to justify a dismissal without leave to amend. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Based upon the foregoing, IT IS RECOMMENDED that Bullock's amended pleading, and this action be DISMISSED for failure to state a federal claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

If the presiding District Judge adopts this recommendation, then the Clerk of Court should be directed as follows:

1. Close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure;

2. Make a docket entry reflecting that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an

appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact; and

3. Make a docket entry reflecting that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Bullock failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Bullock may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of November, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Bullock is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.