# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| RUSSELL WAYNE BULLOCK, <br><br> Plaintiff, <br><br> vs. <br><br> GALLATIN COUNTY; GALLATIN COUNTY DETENTION CENTER; GALLATIN COUNTY DETENTION CENTER CORRECTIONAL OFFICERS, SGT., and ADMINISTRATORS; GALLATIN COUNTY SHERIFF; MAYOR; CITY COUNCIL; BOZEMAN CITY FIRE DEPARTMENT; BENEFIS SPECTRUM MEDICAL; and AMERICAN AMBULANCE CO.; <br><br> Defendants. | CV-16-45-BU-BMM-JCL <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

1

Plaintiff Russell Bullock, appearing pro se, proceeds in forma pauperis under 28 U.S.C. § 1915(a)(1). The Court determined Bullock's allegations in his initial Complaint were insufficient to state a claim upon which relief could be granted. (Doc. 15 at 2.) The Court granted Bullock the opportunity to file an amended pleading to cure the deficiencies. *Id.* Bullock filed his Amended Complaint on July 17, 2017. (Doc. 14.) Based on Bullock's initial and Amended Complaint, the Court construes the allegations as arising from events that occurred while Bullock was incarcerated at the Gallatin County Detention Center in Bozeman, Montana. (Doc. 15 at 2.) The Court must conduct a preliminary screening of the allegations set forth in the pleading as required under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires dismissal of the action if the allegations fail to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch determined that Bullock's Amended Complaint continues with only general allegations. (Doc. 15 at 2.) Judge Lynch further determined that

Bullock's Amended Complaint does not describe what each Defendant did, or failed to do, with respect to obtaining or providing medical treatment for Bullock as necessary to state a Fourteenth Amendment claim. *Id.* at 3. Judge Lynch determined that Bullock's Amended Complaint does not identify any supervisor or their wrongdoing to state a claim under 42 U.S.C. § 1983. *Id.* at 4. The Amended Complaint also fails to include any facts demonstrating that Gallatin County or any "private actor" is liable under § 1983. *Id.* Judge Lynch concluded that Bullock's Amended Complaint fails to state any claim upon which relief could be granted. *Id.* Judge Lynch further concluded Bullock failed to cure the deficiencies in his Amended Complaint, warranting a dismissal without leave to amend. *Id.* at 5.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 15), are ADOPTED IN FULL.

**IT IS ORDERED** that the Clerk shall close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the docket shall reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person

could suppose an appeal would have merit. The record makes plain the Amended Complaint lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Bullock failed to state a claim upon which relief may be granted.

DATED this 12th day of December, 2017.

*Brian Morris*
Brian Morris
United States District Court Judge