IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RUSSELL WAYNE BULLOCK,<br><br>Plaintiff,<br><br>vs.<br><br>GALLATIN COUNTY DETENTION CENTER, et al.,<br><br>Defendants. | CV 16-00045-BU-BMM-JCL<br><br>ORDER |

This matter was dismissed and judgment was entered on December 12, 2017. (Docs. 17, 18.) On May 29, 2018, Plaintiff Russell Bullock, a prisoner proceeding without counsel, filed a "motion for leave to proceed and file a second amended complaint in the above titled cause, and motion to clairify [sic] whether Bullock may proceed in a new case; upon voluntarily dismissal pursuant to F.R.Civ.P. 41." (Doc. 19.) The Court construed the filing as a motion for reconsideration and denied it on May 30, 2018. (Doc. 20.)

On June 18, 2018, Mr. Bullock filed a document entitled, "Plaintiff's Reply to Courts May 30, 2018 Order and Response Showing Cause why the Case Should Remain Open." (Doc. 21.) Mr. Bullock argues that he has newly discovered evidence that reasonably could not have been known at the time of Order

1

dismissing his case. Specifically, he contends that on or about May 24, 2018, he received a letter advising him that Benefis Spectrum Medical had retained the Crowley Fleck law firm to represent Spectrum and its employees in the defense of his claim. (Doc. 21 at 5.) Mr. Bullock argues that the fact that Spectrum Medical retained counsel constitutes an admission that they are at fault. He argues that his claim is self evident and will be proven through medical records after discovery. He contends that he suffered traumatic injury and suffers severe pain and chronic suffering as a result.

As set forth in the Court's May 30, 2018 Order, Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

The fact that one of the named Defendants has retained counsel does not constitute newly discovered evidence and does not meet any other criteria under Rule 60. Retaining counsel does not constitute an admission of fault. Mr. Bullock

was advised of the deficiencies in his original Complaint (Doc. 9) and he failed to cure those deficiencies in his Amended Complaint. He has never explained to the Court what each Defendant did or failed to do despite numerous opportunities to do so. His filings fail to state a claim. This matter has been closed for nearly six months and there is not a sufficient basis to reopen the case.

No further motions for reconsideration will be considered in this case.

ACCORDINGLY, IT IS HEREBY ORDERED THAT Mr. Bullock's "Reply to Courts May 30, 2018 Order and Response Showing Cause why the Case Should Remain Open" construed as a motion for reconsideration (Doc. 21) is DENIED.

DATED this 20th day of June, 2018.

_____
Brian Morris
United States District Court Judge